[Crim. No. 1051.   Second Appellate District, Division One.—March 29, 1924.]

## THE PEOPLE, Respondent, v. F. W. VANDERBOGERT, Appellant.

[1] CRIMINAL LAW—RAPE—IRRELEVANT EVIDENCE—FAILURE TO OBJECT —APPEAL.—On appeal from a judgment of conviction of the crime of rape, the defendant cannot predicate error upon the admission of incompetent and immaterial evidence, where he made no objection in the trial court to the admission of such evidence.

[2] ID.—ALIBI — EVIDENCE — INSTRUCTIONS.—In a prosecution for the crime of rape, where the testimony of the defendant tends to show that he was in his own room alone at the time he was accused of committing the assault upon the complaining witness, the jury is properly instructed upon the defense of an alibi.

[3] ID.—INSTRUCTIONS REQUESTED BY DEFENDANT—APPEAL—RECORD— PRESUMPTION.—The defendant cannot, on appeal, complain of an instruction given at his own request; and where the record on appeal fails to show that a given instruction was not given at the request of the defendant, the appellate court cannot presume that it was so given, and, therefore, cannot consider any objection thereto.

(1) 17 C. J., p. 56, sec. 3331.   (2) 16 C. J., p. 976, sec. 2375. (3) 17 C. J., p. 224, sec. 3570.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Arthur Keetch, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Buel R. Wood, M. G. Phillips and Cooper, Collings & Shreve for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and J. L. Flynn for Respondent.

CURTIS, J.—From a judgment finding the defendant guilty of the crime of rape and from an order denying his motion for a new trial, the defendant has appealed.   His main contention is that the evidence is insufficient to support the verdict against him.   It is not necessary to review the evidence produced at the trial, for the reason that it

1.   See 10 Cal. Jur. 822; 8 R. C. L. 186.

is so clearly sufficient that a detailed statement of it would serve no good purpose whatever.

[1] Defendant further contends that much of this evidence was immaterial and that in some instances incompetent evidence was admitted against him. As no objection was made by the defendant to the admission of any of this evidence, he cannot now complain.

[2] No error was committed by the court in instructing the jury upon the defense of an alibi. The testimony of the defendant tended to show that he was in his own room alone at the time he was accused of committing the assault upon the complaining witness and this defense was therefore in effect that of an alibi. [3] Furthermore, as counsel for appellant suggests, the record fails to show whether this instruction was given by the court at its own instance, or at the request of the prosecution, or at the request of the defendant. If given at defendant's request, he, of course, could not complain of the action of the court in giving it, and as the record fails to show that it was not given at his request, this court cannot presume that it was so given, and, therefore, cannot consider any objection thereto.

The judgment and order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.